### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.

DENNIS MICHAEL PHILIPSON,
    Defendant.

**Case No. 2:26-cr-20206-MSN**

Judge Mark S. Norris

### DEFENDANT'S MOTION TO CORRECT THE UNDERLYING RECORD AND TO TAKE JUDICIAL NOTICE OF THE PENDING APPELLATE RECORD DISPUTE

Defendant Dennis Michael Philipson, appearing pro se, respectfully moves this Court to correct the underlying record on which the criminal contempt charge at ECF No. 1 was based, and to take judicial notice of the still-pending appellate record dispute before the United States Court of Appeals for the Sixth Circuit, on the following grounds.

Defendant proceeds pro se and invokes Haines v. Kerner, 404 U.S. 519, 520 (1972), and Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### I. INTRODUCTION

The Charging Order at ECF No. 1 expressly anchors the criminal contempt allegations against Defendant to civil-case findings entered in Mid-America Apartment Communities, Inc. v. Philipson, No. 2:23-cv-2186-SHL-cgc (W.D. Tenn.). It then characterizes Defendant's repeated factual objections to that civil record — altered subpoena materials, missing subpoena returns, the use of subscriber and IP data to convert a non-party witness into the named defendant, an unresolved structural conflict issue inside chambers, the repeatedly requested 2021 MAA investigation report that Defendant maintains MAA represented existed, coercive settlement activity while Defendant was jailed, and filing restrictions that prevented certain materials from

appearing on the docket — as "oft-cited and generally debunked grievances." ECF No. 1, at 2 (quoting Defendant's response, ECF No. 380, PageID 8578 in Case No. 2:23-cv-2186).

Defendant respectfully states that those issues have not been debunked. They have not been adjudicated on the merits. They are presently the subject of an emergency motion now pending before the United States Court of Appeals for the Sixth Circuit in No. 26-5265 (corrected emergency motion under Sixth Circuit Rule 45(c), Fed. R. App. P. 27(b), 26(b), 10(e), and 2, received May 15, 2026, and referred to the merits panel on May 12, 2026 (CA6 ECF No. 13)). Because the Charging Order rests on a factual foundation that is presently in flux before the Court of Appeals, basic principles of fairness, the Federal Rules, and the Court's inherent authority all support a limited and modest correction of the record.

Defendant does not, by this Motion, ask this Court to relitigate the merits of the underlying civil orders. Defendant does not invoke the collateral bar rule in this Motion. He asks only that the record on which a criminal contempt prosecution will be tried be (a) accurate as to discrete, identifiable matters, and (b) properly informed by what is presently before the Sixth Circuit on the same factual subject matter.

## II. AUTHORITY FOR RECORD CORRECTION

Three independent sources support the requested relief:

1. Federal Rule of Appellate Procedure 10(e). Rule 10(e) provides that if anything material is omitted from or misstated in the record "by error or accident," the omission or misstatement may be corrected and a supplemental record certified so that the record "truly discloses what occurred." This Court has applied that principle. See United States v. Smith, 344 F.3d 479, 486–87 (6th Cir. 2003); Inland Bulk Transfer Co. v. Cummins Engine Co., 332 F.3d

1007, 1012 (6th Cir. 2003); Adamov v. U.S. Bank Nat'l Ass'n, 726 F.3d 851, 856 (6th Cir. 2013).

2.  The Court's inherent authority. The Supreme Court has long recognized that federal courts have inherent power to manage their own records and to protect the integrity of the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 43–46 (1991); Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244–46 (1944).

3.  Federal Rule of Evidence 201. Rule 201(b) and (c)(2) permit and, on request supported by the necessary information, require the Court to take judicial notice of adjudicative facts whose accuracy cannot reasonably be questioned, including the contents and procedural posture of other court records. See In re LWD, Inc., 335 F. App'x 523, 526 (6th Cir. 2009); United States v. Ferguson, 681 F.3d 826, 834 (6th Cir. 2012).

### III. SPECIFIC CORRECTIONS REQUESTED

**A.  Items in the Charging Order that should be corrected or annotated as disputed.**

The Charging Order treats certain civil-case background as settled. The following discrete items are not settled and should not be carried forward into a criminal trial record without notation:

1.  The characterization at ECF No. 1, page 2, that Defendant's record-integrity contentions are "oft-cited and generally debunked grievances." That characterization is contested and is the subject of an ongoing appellate inquiry in CA6 No. 26-5265.

2.  The footnoted treatment of Defendant's emails at ECF No. 1, page 6, and footnote 2 (recounting alleged emails of May 1, 2026, and subsequent days). To the extent these emails will be offered as substantive evidence of contempt at trial, Defendant respectfully requests that the full text of each communication, all attachments, and the full context (including Defendant's

contemporaneous statements that he was preserving rights, withdrawing voluntarily, and seeking to coordinate with the Sixth Circuit) be placed in the record before any trial.

3.  The cross-reference at ECF No. 1, page 4, to ECF No. 395 at PageID 8887 (alleged 668 additional violations since December 2, 2025). That allegation has not been adjudicated; it should not be incorporated into the Rule 42(a)(1) notice as fact.

4.  The reference at ECF No. 1, page 10, bullet 11, to "Violating the terms of the Permanent Injunction more than 1,500 times (ECF Nos. 298; 379)." This is a cumulative civil-contempt assessment, not a particularized criminal-contempt allegation. Cumulative numerical assertions cannot satisfy Rule 42(a)(1)(C). See Defendant's separately filed Motion to Dismiss.

**B.  Items from the civil record that should be supplemented or judicially noticed.**

To the extent any of the following civil-case materials will be referenced, admitted, or relied on in the criminal proceeding, Defendant respectfully requests that the Court order their formal docketing in the underlying civil record (or, at minimum, take judicial notice of their existence and present procedural posture):

1.  All third-party subpoenas actually served by Plaintiff between March 2023 and the date of judgment, including but not limited to subpoenas to Google, Wix, Microsoft/LinkedIn, Verizon FiOS, Glassdoor, and any domain or hosting providers; and the cover correspondence, proofs of service, and returns/productions associated with each. See Defendant's prior motions at Civil Case ECF Nos. 318, 326, 329, 390, and corrected emergency motion at CA6 No. 26-5265, ECF No. 16-1.

2.  The post-authorization Google subpoena reflected at Civil Case ECF No. 106-5, which Defendant contends was materially broader than the exemplar approved at Civil Case ECF No. 6-1 in that it added Defendant's personal Gmail addresses.

3.  The provider/IP-attribution materials, including any Verizon FiOS subpoena returns, on which identification of Defendant as the named defendant in the civil action depended. See Civil Case ECF No. 24, PageID 319 (Plaintiff's representation that a "series of third party subpoenas" identified Defendant).

4.  The 2021 MAA internal investigation report that Plaintiff's representatives represented existed and that Defendant has repeatedly requested.

5.  The settlement-related communications and transcripts referenced at Civil Case ECF No. 309 and Exhibits A–C thereto, concerning the demand for a $5,000 payment and a gag-style release transmitted to Defendant's spouse while Defendant was incarcerated under the civil contempt warrant.

6.  The Notice of Continued Mailings that Defendant submitted in October 2025 and that the Clerk's Office declined to docket pursuant to Civil Case ECF No. 312.

## C.  Judicial notice of pending Sixth Circuit proceedings.

Defendant respectfully requests that the Court take judicial notice, under Federal Rule of Evidence 201, of the following adjudicative facts whose accuracy cannot reasonably be questioned and which appear in publicly accessible court records:

1.  The pendency of Mid-America Apartment Communities, Inc. v. Philipson, No. 26-5265 (6th Cir.), including the May 12, 2026 Order at CA6 ECF No. 13 referring Defendant's motion to supplement, motion for limited remand, and motion to expedite to the merits panel; the May 15, 2026 Corrected Emergency Motion under Sixth Circuit Rule 45(c) (CA6 ECF No. 16); and the April 30, 2026 briefing schedule.

2.  The pendency of Mid-America Apartment Communities, Inc. v. Philipson, No. 26-5404 (6th Cir.) (separate appeal docketed May 6, 2026).

3.  The pendency of the related enforcement appeal arising from In re Philipson, No. 1:25-mc-00012-MSN-WEF (E.D. Va.) and the subsequent Fourth Circuit proceedings.

## IV. WHY CORRECTION MATTERS IN THE CRIMINAL POSTURE

The Charging Order alleges criminal contempt on a record that this Court has acknowledged to be in motion. The Sixth Circuit's pending review of the Rule 10(e) record dispute will, on any disposition, materially affect the factual basis on which the criminal contempt is to be tried. Trying a criminal case against a backdrop that the Court of Appeals may yet declare incomplete would invite avoidable error.

Correction at this stage is modest. Defendant does not ask the Court to revisit civil findings or to reopen civil contempt rulings. He asks the Court to ensure that what will be presented to a jury at the criminal contempt trial is accurate, complete, and consistent with the appellate record as it is finally settled.

## V. REQUESTED RELIEF

For the foregoing reasons, Defendant respectfully requests that the Court enter an order:

A.  Correcting or annotating the items identified in Part III.A above to reflect that the underlying factual contentions are disputed and the subject of pending appellate review;

B.  Directing Plaintiff/Respondent in the underlying civil action to file on the docket, or in the alternative to lodge under seal with a public index, the materials identified in Part III.B above, accompanied by a declaration under 28 U.S.C. § 1746 certifying which materials were actually relied upon in the civil proceeding and which were not;

C.  Taking judicial notice under Federal Rule of Evidence 201 of the pending Sixth Circuit proceedings identified in Part III.C above;

D.  Staying any trial setting, arraignment, or substantive scheduling in this criminal action until the Sixth Circuit resolves the pending Rule 10(e) record dispute in CA6 No. 26-5265; and

E.  Granting such other and further relief as is just and proper.

Respectfully submitted,

/s/ Dennis Michael Philipson
Dennis Michael Philipson
Defendant, Pro Se
6178 Castletown Way
Alexandria, VA 22310
Telephone: (530) 796-6184
Email: dennismphilipsonjr@gmail.com

Dated: May 17, 2026

### CERTIFICATE OF SERVICE

I, Dennis Michael Philipson, certify that on May 17, 2026, a true and correct copy of the foregoing was transmitted to the Clerk's Office of the United States District Court for the Western District of Tennessee for filing. As of the date of this filing, no Assistant United States Attorney has been appointed to prosecute this criminal contempt action pursuant to Federal Rule of Criminal Procedure 42(a)(2), and the case is in the pre-appointment phase. Upon docketing, the Clerk's Office will provide electronic Notice of Electronic Filing (NEF) to any counsel of record registered with the Court's CM/ECF system. To preserve the record of service and to ensure timely notice once a prosecutor is designated, I have also caused a true and correct copy to be served by United States Postal Service first-class mail, postage prepaid, to:

Office of the United States Attorney
Western District of Tennessee
Attn: Criminal Division Chief
167 N. Main Street, Suite 800
Memphis, TN 38103

Once the Court designates the prosecuting attorney pursuant to Federal Rule of Criminal

Procedure 42(a)(2), Defendant will direct further service to that designated attorney consistent

with Federal Rule of Criminal Procedure 49.


/s/ Dennis Michael Philipson
Dennis Michael Philipson